Kyle Tracy, Esq. (State Bar No. 274428)
Ezra Ryu, Esq. (State Bar No. 317696)
**AMERICAN LEMON LAW GROUP, LLP**
6230 Wilshire Blvd. Suite 885
Los Angeles, CA 90048
Telephone: 877-707-0004
Facsimile: 213-900-7010
E-service: eservice@allgteam.com

Attorneys for Plaintiff,
ALICHEA MARIE AVILA

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALICHEA MARIE AVILA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MERCEDES-BENZ USA, LLC, a Delaware Corporation; HOUSE OF IMPORTS, INC., a California Corporation; and DOES 1-20, Inclusive,<br><br>Defendants. | Case No.: 8:25-cv-01722-MRA-DFM<br><br>**FIRST AMENDED COMPLAINT FOR VIOLATION OF STATUTORY OBLIGATIONS**<br><br>**DEMAND FOR JURY TRIAL** |

**TO THE HONORABLE COURT AND DEFENDANTS HEREIN:**

COMES NOW Plaintiff, ALICHEA MARIE AVILA (hereinafter referred to as "Plaintiff"), for causes of action against Defendants, MERCEDES-BENZ USA, LLC and HOUSE OF IMPORTS, INC. as follows:

## PARTIES

1. As used in this Complaint, the word "Plaintiff" shall refer to Plaintiff, ALICHEA MARIE AVILA.

2. Plaintiff is, and at all times mentioned herein was, a resident of the County of Orange, in the State of California.

3. Defendant MERCEDES-BENZ USA, LLC ("Defendant") is, and at all times mentioned herein was, a corporation organized and in existence under the laws of the State of Delaware and registered with the California Department of Corporations to conduct business in the State of California. Defendant is, and at all times mentioned herein was, engaged in the design, manufacture, construction, assembly, marketing, sale, and distribution of automobiles, motor vehicles and other related components and services in the County of Orange.

4. Plaintiff is informed and believe and thereupon allege that Defendant HOUSE OF IMPORTS, INC. ("Repairing Dealership Defendant") is, and at all times was, a corporation organized and in existence under the laws of the State of California and authorized to do business in the State of California, including the County of Orange, and is engaged in the repair of motor vehicles. Repairing Dealership Defendant is located in, and does business in, the city of Buena Park, County of Orange, California.

## GENERAL ALLEGATIONS

5. On or about April 12, 2024, in exchange for valuable consideration, Plaintiff acquired a brand new 2024 MB EQS450X (hereinafter "Vehicle"), manufactured and/or distributed by Defendant MERCEDES-BENZ USA, LLC, with corresponding Vehicle Identification Number 4JGDM2DB4RA031980.

6. The total amount paid and payable, incidental and consequential damages and civil penalties exceeds $35,000.

7. Plaintiff acquired the Vehicle primarily for personal, family, or household purposes.

8. Plaintiff acquired the Vehicle from a person or entity in the business of manufacturing, distributing, or selling consumer goods at retail.

9. In connection with the purchase of the Vehicle, Plaintiff received an express written warranty in which Defendant undertook to preserve or maintain the utility or performance of the Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time. The warranty provided, in relevant part, that in the event a defect developed with the Vehicle during the warranty period, Plaintiff could deliver the Vehicle for repair services to Defendant's representative, including but not limited to the Repairing Dealership Defendant, and the Vehicle would be repaired.

10. After Plaintiff took possession of the Vehicle and during the warranty period, the Vehicle contained or developed defects, listed below, that substantially impair the use, safety, and/or value of the Vehicle.

11. During the warranty period, the Vehicle contained or developed defects, including, but not limited to the following:

a. Defective Steering System with the SUBJECT VEHICLE, and its component parts, which manifest the following symptoms: loud popping noise from the front end, left front wheel is crooked and will not steer; requiring the replacement of the following parts: steering gear; and/or any other similar concerns identified in the repair history for the SUBJECT VEHICLE; and

b. Any additional complaints made by Plaintiff, whether or not they are contained in the records or on any repair orders.

///

12. The defects listed above violate the express written warranties issued by Defendant, as well as the implied warranty of merchantability.

13. Plaintiff provided Defendant and its representatives, including the Repairing Dealership Defendant, in this state sufficient opportunity to service or repair the Vehicle.

14. Defendant and its representatives in this state were unable and/or failed to service or repair the Vehicle within a reasonable number of attempts under the Song-Beverly Consumer Warranty Act.

15. Said defects have substantially impaired the safety, use and/or value of the Vehicle.

16. Said defects could not have been discovered by Plaintiff prior to Plaintiff's acceptance of the Vehicle.

17. Plaintiff has been and will continue to be financially damaged due to Defendant's failure to comply with the provisions of the express and implied warranties.

**<u>FIRST CAUSE OF ACTION</u>**

**BY PLAINTIFF AGAINST DEFENDANT MERCEDES-BENZ USA, LLC ONLY VIOLATION OF SUBDIVISION (d) OF CIVIL CODE SECTION 1793.2**

18. Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in paragraphs 1 through 17, inclusive, of the General Allegations, above.

19. Plaintiff presented the Vehicle for repair to Defendant and its representatives, including the Repairing Dealership Defendant, in this state for various defects that substantially impair the safety, use and/or value of the Vehicle.

20. Defendant and its representatives in this state have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of opportunities. Despite this fact, Defendant failed to

promptly replace the Vehicle or make restitution to Plaintiff as required by Civil Code section 1793.2, subdivision (d) and Civil Code section 1794, subdivision (a).

21. Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to Civil Code section 1793.2, subdivision (d), and therefore brings this Cause of Action pursuant to Civil Code section 1794.

22. Defendant's failure to comply with its obligations under Civil Code section 1793.2, subdivision (d) was willful, in that Defendant and its representative were aware that they were unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of repair attempts, yet Defendant failed and refused to promptly replace the Vehicle or make restitution. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code section 1794, subdivision (c).

23. Defendant does not maintain a qualified third-party dispute resolution process which substantially complies with Civil Code section 1793.22. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code section 1794, subdivision (e).

24. Plaintiff seeks civil penalties pursuant to section 1794, subdivisions (c), and (e) in the alternative and do not seek to cumulate civil penalties, as provided in Civil Code section 1794, subdivision (e)(5).

## <u>SECOND CAUSE OF ACTION</u>

## BY PLAINTIFF AGAINST DEFENDANT MERCEDES-BENZ USA, LLC ONLY VIOLATION OF SUBDIVISION (b) OF CIVIL CODE SECTION 1793.2

25. Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in paragraphs 1 through 24, inclusive, of the General Allegations, above.

///

26. Although Plaintiff presented the Vehicle to Defendant's representative in this state, Defendant and its representative failed to commence the service or repairs within a reasonable time and failed to service or repair the Vehicle so as to conform to the applicable warranties within 30 days, in violation of Civil Code section 1793.2, subdivision (b). Plaintiff did not extend the time for completion of repairs beyond the 30-day requirement.

27. Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to Civil Code section 1793.2(b), and therefore bring this Cause of Action pursuant to Civil Code section 1794.

28. Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Vehicle and have exercised a right to cancel the sale. By serving this Complaint, Plaintiff do so again. Accordingly, Plaintiff seeks the remedies provided in California Civil Code section 1794(b)(1), including the entire purchase price. In the alternative, Plaintiff seeks the remedies set forth in California Civil Code section 1794(b)(2), including the diminution in value of the Vehicle resulting from its defects. Plaintiff believe that, at the present time, the Vehicle's value is *de minimis*.

29. Defendant's failure to comply with its obligations under Civil Code section 1793.2(b) was willful, in that Defendant and its representative were aware that they were obligated to service or repair the Vehicle to conform to the applicable express warranties within 30 days, yet they failed to do so. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code section 1794(c).

///

///

///

///

///

**<u>THIRD CAUSE OF ACTION</u>**

**BY PLAINTIFF AGAINST DEFENDANT MERCEDES-BENZ USA, LLC ONLY VIOLATION OF SUBDIVISION (a)(3) OF CIVIL CODE SECTION 1793.2**

30. Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in paragraphs 1 through 29, inclusive, of the General Allegations, above.

31. In violation of Civil Code section 1793.2, subdivision (a)(3), Defendant failed to make available to its authorized service and repair facilities sufficient service literature and replacement parts to effect repairs during the express warranty period. Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to Civil Code section 1793.2(a)(3), and therefore brings this Cause of Action pursuant to Civil Code section 1794.

32. Defendant's failure to comply with its obligations under Civil Code section 1793.2, subdivision (a)(3) was wilful, in that Defendant knew of its obligation to provide literature and replacement parts sufficient to allow its repair facilities to effect repairs during the warranty period, yet Defendant failed to take any action to correct its failure to comply with the law. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages; pursuant to Civil Code section 1794(c).

**FOURTH CAUSE OF ACTION**

**BY PLAINTIFF AGAINST DEFENDANT MERCEDES-BENZ USA, LLC ONLY BREACH OF EXPRESS WRITTEN WARRANTY CIVIL CODE SECTION 1791.2 SUBDIVISION (a); SECTION 1794**

33. Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in paragraphs 1 through 32, inclusive, of the General Allegations, above.

///

34. In accordance with Defendant's warranty, Plaintiff delivered the Vehicle to Defendant's representative in this state to perform warranty repairs. Plaintiff did so within a reasonable time. Each time Plaintiff delivered the Vehicle, Plaintiff notified Defendant and its representative of the characteristics of the defects. However, the representative failed to repair the Vehicle, breaching the terms of the written warranty on each occasion.

35. Plaintiff has been damaged by Defendant's failure to comply with its obligations under the express warranty, and therefore brings this Cause of Action pursuant to Civil Code section 1794.

36. Defendant's failure to comply with its obligations under the express warranty was willful, in that Defendant and its authorized representative were aware that they were obligated to repair the Defects, but they intentionally refused to do so. Accordingly, Plaintiff is entitled to a civil penalty of two times of Plaintiff's actual damages pursuant to Civil Code section 1794(c).

## FIFTH CAUSE OF ACTION

## BY PLAINTIFF AGAINST DEFENDANT MERCEDES-BENZ USA, LLC ONLY BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY

## CIVIL CODE SECTION 1791.1; SECTION 1794

37. Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in paragraphs 1 through 36, inclusive, of the General Allegations, above.

38. Pursuant to Civil Code section 1792, the sale of the Vehicle was accompanied by Defendant's implied warranty of merchantability. Pursuant to Civil Code section 1791.1, the duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendant, except that the duration is not to exceed one-year.

///

39. Pursuant to Civil Code section 1791.1 (a), the implied warranty of merchantability means and includes that the Vehicle will comply with each of the following requirements: (1) The Vehicle will pass without objection in the trade under the contract description; (2) The Vehicle is fit for the ordinary purposes for which such goods are used; (3) The Vehicle is adequately contained, packaged, and labelled; (4) The Vehicle will conform to the promises or affirmations of fact made on the container or label.

40. On or about April 12, 2024, or within one-year thereafter, the Vehicle contained or developed the defects set forth above. The existence of each of these defects constitutes a breach of the implied warranty because the Vehicle (1) does not pass without objection in the trade under the contract description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not adequately contained, packaged, and labelled, and (4) does not conform to the promises or affirmations of fact made on the container or label.

41. Plaintiff has been damaged by Defendant's failure to comply with its obligations under the implied warranty, and therefore brings this Cause of Action pursuant to Civil Code section 1794.

## SIXTH CAUSE OF ACTION

## BY PLAINTIFF AGAINST DEFENDANT HOUSE OF IMPORTS, INC. ONLY

## NEGLIGENT REPAIR

42. Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in paragraphs 1 through 41, inclusive, of the General Allegations above.

43. Plaintiff delivered the Vehicle to Repairing Dealership Defendant for repair on at least one occasions.

///

///

44. Repairing Dealership Defendant owed a duty to Plaintiff to use ordinary care and skill in storage, preparation, diagnosis, and/or repair of the Vehicle with industry standards.

45. Repairing Dealership Defendant breached its duty to Plaintiff to use ordinary care and skill by failing to properly store, prepare, diagnose, and/or repair the Vehicle in accordance with industry standards.

46. Plaintiff sustained damages due to Repairing Dealership Defendant's failure to properly store, prepare, diagnosis and/or repair the Vehicle in accordance with industry standards.

47. Repairing Dealership Defendant's negligent breach of its duties owed to Plaintiff was a proximate cause of Plaintiff's damages.

## PRAYER

PLAINTIFF PRAYS for judgment against Defendant and Repairing Dealership Defendant as follows:

a. For Plaintiff's actual damages in the amount according to proof at trial;

b. For restitution;

c. For a civil penalty in the amount of two times Plaintiff's actual damages pursuant to Civil Code section 1794, subdivision (c) or (e);

d. For any consequential and incidental damages;

e. For costs of the suit and Plaintiff's reasonable attorneys' fees pursuant to Civil Code section 1794, subdivision (d);

f. For prejudgment interest at the legal rate; and

g. For such other relief as the Court may deem proper.

///

///

///

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action asserted herein.

Dated: August 21, 2025 **AMERICAN LEMON LAW GROUP, LLP**

By: *\/s/ Ezra Ryu*
Ezra Ryu
Attorney for Plaintiff,
ALICHEA MARIE AVILA

# CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2025, I filed the foregoing document entitled **FIRST AMENDED COMPLAINT FOR VIOLATION OF STATUTORY OBLIGATIONS** with the clerk of court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.

*/s/ Nicole Basilio*
Nicole Basilio